UNITED STATES of America ex rel.
Pearly WILSON, Appellant.

v.

James F. MARONEY, Superintendent,
State Correctional Institution, Pittsburgh, Pennsylvania.

No. 16723.

United States Court of Appeals
Third Circuit.

Submitted May 6, 1968.

Decided May 21, 1968.

Rehearing Denied June 27, 1968.

* Of the Ninth Circuit, sitting by designation.

Pearly Wilson, pro se.

William E. Pfadt, Asst. Dist. Atty., Erie County, Erie, Pa. (Frank L. Kroto, Jr., Asst. Dist. Atty., Erie County, Pa., on the brief), for appellee.

Before HASTIE, Chief Judge, and Mc-LAUGHLIN and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM.

On February 24, 1967, appellant filed a petition for a writ of habeas corpus in the United States District Court for the Middle District of Pennsylvania, alleging that he was illegally confined in the State Correctional Institution at Pittsburgh, Pa. "as result of an unfair trial." The petition alleges that he was denied his right to confront and cross-examine the witnesses against him and that his right of appeal was obstructed. Also, it alleges unconstitutionally discriminatory and dilatory treatment of proceedings instituted by him under the Pennsylvania Post Conviction Hearing Act (19 P.S. § 1180-1 ff.). An order transferring the above action to the United States District Court for the Western District of Pennsylvania was filed promptly and notice of such order was given to appellant. By order of March 3, 1967, the latter District Court dismissed the petition without a hearing.

In view of failure of the petition to comply with subsections 3–5, 7 and 8 of Local Rule 15 of the District Court and its failure to specify the state criminal charge, date of trial, term and number of the state court proceedings, length or date of sentence, or other pertinent facts, the order of the District Court dated March 3, 1967, will be affirmed.[1]

---

1. Appellant's briefs refer to several criminal docket numbers, presumably in the Erie County Courts, but until the record shows under which sentence appellant is confined and what other sentences, if any, are outstanding, a court cannot rule on general allegations such as those in his petition. Appellee has attached to his brief an answer filed in July 1967 to a petition for a writ of habeas corpus, apparently subsequently filed by appellant in the U. S. District Court for the Eastern District of Pennsylvania, which alleges that appellant was then at the State Correctional Institution, Philadelphia, Pa. A copy of Rule 15 will be sent to appellant. Both Local Rule 15 and Local Rule 37, as amplified by paragraph 14 of the form mentioned in that Rule, of the U. S. District Court for the Eastern District of Pennsylvania require that copies of state post-conviction applications be attached to a petition for a writ of habeas corpus filed in those District Courts.