**UNITED STATES of America ex rel. David REID**

v.

**Joseph R. BRIERLEY, Superintendent, State Correctional Institution, Pittsburgh, Pennsylvania.**

**Civ. A. No. 68-1458.**

United States District Court
W. D. Pennsylvania.

Feb. 20, 1969.

David Reid, in pro. per.
Joseph R. Brierley, pro se.

## MEMORANDUM ORDER

GOURLEY, Chief Judge.

This is a habeas corpus proceeding presented to the Court through the United States mail by an inmate of a state penal institution convicted under an indictment which charged him with homicide. It is not set forth specifically in the petition the degree of guilt for which he was convicted, but in view of the sentence imposed it can be concluded the degree was voluntary manslaughter.

■ Consistent with the provisions of Title 28 U.S.C. Section 2071 and Federal Rule of Civil Procedure 83, this Court has adopted Local Rules of Court which set forth the requirements of a Petition for Writ of Habeas Corpus by a state prisoner. The purpose of the adoption of said rule and the requirement that petitions be submitted on forms adopted and approved by the Court is to insure that petitioner will be advised of what information must be included in a petition and to aid in preventing needless waste of judicial time and effort, such as has been required in the evaluation of this handwritten petition which leaves many things to be desired. When this is not done, the Court, in its discretion, may dismiss such a petition without hearing. United States of America ex rel. Wilson v. Maroney, Superintendent, 395 F.2d 207 (3rd Cir.).

■ There has been an exhaustion of state remedies in which the matters raised herein were considered in the state jurisdiction and decided adversely to petitioner. However, in this proceeding the basis of the prisoner's claim for relief and alleged denial of rights under the Constitution of the United States is that "he was tried and convicted by Judge and Jury on a homicide indictment that did not carry a count or charge for the crime of involuntary manslaughter."

■ In Pennsylvania a person accused of murder is never charged in a homicide indictment with involuntary manslaughter. Said charge is a separate and distinct crime. After an acquittal for the crime of homicide, the accused may be indicted and brought to trial for involuntary manslaughter. This is the exception, however, and not the rule. There is no denial of a fair trial or disregard to any rights under the Constitution of the United States to administer the criminal laws of Pennsylvania in this manner for the crime of murder.

And now, this 20th day of February, 1969, the Court, in its discretion, waives the compliance by the petitioner with the Rules of this Court, since, assuming all facts to be true in the petition, the Court is able to dispose of the petition on its merits. The Petition for Writ of Habeas Corpus is directed to be filed in forma pauperis; the issuance of the writ is stayed and the petition is denied.