UNITED STATES of America ex rel. Robert Allen WALTON

v.

Harry E. RUSSELL, Superintendent State Correctional Institution, Huntingdon, Pennsylvania.

Civ. A. No. 69-275.

United States District Court
W. D. Pennsylvania.

March 29, 1969.

## MEMORANDUM ORDER

GOURLEY, Chief Judge.

This is a fifteen-page, handwritten state habeas corpus proceeding presented to the Court through the United States mail. The penal inmate is confined in a state correctional institution at Huntingdon, Pennsylvania which is not within the jurisdiction of the Court. However, petitioner was convicted and sentenced in McKean County, Pennsylvania which is within the judicial district and, under the provisions of law, jurisdiction exists in this Court. 28 U.S.C.A. § 2241(d).

198

The petition is a most lengthy mixture of factual and legal allegations recited in perplexing, disjointed detail and does not comply with the Rules of this Court. Furthermore, if the plea of guilty entered by petitioner was freely and voluntarily made, all of the complaints contending deprivation of the inmate's Constitutional rights would have been waived and absolutely no basis would exist for the writ. However, since the petition is defective in so many ways, the time has not arrived to dispose of the proceedings on its merits.

■ Consistent with the provisions of Title 28 U.S.C. Section 2071 and Federal Rule of Civil Procedure 83, this Court has adopted Local Rules of Court which set forth the requirements of a Petition for Writ of Habeas Corpus by a state prisoner. The purpose of the adoption of said rule and the requirement that petitions be submitted on forms adopted and approved by the Court is to insure that petitioner will be advised of what information must be included in a petition and to aid in preventing needless waste of judicial time and effort, such as has been required in the evaluation of this handwritten petition which leaves many things to be desired. When this is not done, the Court, in its discretion, may dismiss such a petition without hearing. United State of America ex rel. Wilson v. Maroney, Superintendent, 395 F.2d 207 (3rd Cir.).

■ In any subsequent petitions which might be filed in this jurisdiction, it is most important and an absolute requirement that compliance be made with the Rule of Court and the forms made available be prepared and executed with care and exactness. For the enlightenment of the penal inmate, any citation of authorities or brief of law should be a separate and distinct document attached to the petition. In other words, the habeas corpus petition should contain no citation of law but be confined solely to a statement of facts.

And now, this 29 day of March, 1969, the Clerk of Court is directed to file in forma pauperis the Petition for Writ of Habeas Corpus. The issuance of the Writ is stayed and the Petition is denied.

The Clerk of Court is to forward to the penal inmate a copy of this Memorandum Order and a copy of the Rule of Court and the forms which must be completed in habeas corpus matters submitted to the Court.

The Clerk is directed to separate the brief, copy of Post Conviction Hearing Act petition and letter from the Petition for Writ of Habeas Corpus and return the same to the penal inmate.