**UNITED STATES of America ex rel. Robert CASH, Appellant,**

v.

**Joseph R. BRIERLEY, Superintendent.**

**No. 17658.**

United States Court of Appeals Third Circuit.

Submitted on Briefs May 23, 1969.

Decided June 19, 1969.

---

Robert Cash, pro se.

Robert W. Duggan, Dist. Atty., Charles B. Watkins, Pittsburgh, Pa., for appellee.

Before FREEDMAN, SEITZ and ALDISERT, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

The appellant was found guilty of armed robbery by a Pennsylvania court in 1964 and sentenced to 5–10 years imprisonment. No appeal was taken. A year later, a habeas corpus petition was filed in the sentencing court, seeking relief on the grounds that: (1) the verdict was contrary to the evidence; (2) there was insufficient evidence to sustain the conviction; and (3) the charge of the court was in error. The petition was dismissed by the court without hearing and its actions were affirmed by the Superior Court in Commonwealth ex rel. Cash v. Maroney, 207 Pa.Super. 704, 214 A.2d 514 (1965).

Following denial of allocatur by the Pennsylvania Supreme Court on February 17, 1966, habeas corpus relief was sought in the court below. The federal petition contained the identical grounds for relief as were presented in the state courts. Based on a review of the state proceedings, the district court concluded that no grounds for federal relief were presented and dismissed the petition.[1]

Subsequently, a second habeas petition was presented to the state sentencing court in September, 1966.[2] It merely repeated the allegations of the prior petitions. Before this latter document was acted upon, however, it was amended by the petitioner to allege as further grounds for relief the denial of the right to appeal from the original conviction. This amendment was filed in December, 1967.

Nine months later, with no adjudication of this amended petition apparently forthcoming, a habeas petition was filed in the court below, seeking to invoke federal jurisdiction on the grounds that the state court had been grossly dilatory in acting on the matter. This second federal application was received in the court below on September 12, 1968, and dismissed four weeks later because "an exhaustion of state remedies does not exist."[3] A certificate of probable cause was issued for this appeal.

The gravamen of the appellant's complaint, that the state court has not expeditiously adjudicated this matter is not an uncommon one. It is symptomatic of the considerable difficulties confronting our metropolitan courts in expediting post-conviction petitions on an already overburdened calendar of litigation.

■■ At the same time, we recognize that under exceptional circumstances, state inaction upon an application for habeas corpus relief may warrant federal intervention. In the present appeal, however, it appears that the state court set a hearing to consider the appellant's state petition on April 21, 1969. This hearing was postponed at the appellant's request. Under these circumstances, we are of the opinion that federal intervention is not indicated and that the state court should be afforded the opportunity to adjudicate this matter.

Accordingly, the judgment of the district court will be affirmed.

1. United States ex rel. Cash v. Maroney, Civil Action No. 66–308, Memorandum Opinion by District Judge Sorg.

2. No. 3103 January Sessions, 1968, Court of Common Pleas of Allegheny County, Pennsylvania.

3. United State ex rel. Cash v. Brierley, Civil Action No. 68–1057, Memorandum Order by Chief Judge Gourley.