**UNITED STATES ex rel.
Andrew TAYLOR
v.
Joseph H. MAZURKIEWICZ,
Superintendent.**

**Misc. No. M. 69–279.**

United States District Court
E. D. Pennsylvania.

Aug. 26, 1969.

Andrew Taylor, pro se.

Joseph Musto, Asst. Dist. Atty., Philadelphia, Pa., for respondent.

## MEMORANDUM AND ORDER

MASTERSON, District Judge.

On July 22, 1968, the relator, who is presently incarcerated at the State Correctional Institution in Philadelphia, Pennsylvania, filed a petition under the Post-Conviction Hearing Act alleging that his trial counsel was ineffective, that the state introduced perjured testimony, that state officials obstructed his right to appeal, and a general violation of due process. It is stated in the answer of the Philadelphia District Attorney that "[T]his petition was received by the Clerk of Quarter Sessions on July 29, 1968. Defendant's petition did not reach the proper office for listing until March 26, 1969. Our office did not receive a copy until March 28, 1969. Defendant's amendment to his original petition was received by Quarter Sessions on February 20, 1969 and did not reach our office until May 2, 1969. This matter has been listed for consideration on August 6, 1969."

The District Attorney has subsequently informed us, in a letter dated August 13, 1969, that this matter did not appear on the August 6, 1969 list because no bills of indictment had been included in the file. However, the matter has been re-listed for September 17, 1969, at which time it is expected that the bills of indictment will be made available.

The gravamen of the relator's complaint is that since the state court has not expeditiously adjudicated his post-conviction petition we should now accept jurisdiction. While we regret the delay to which the relator has thus far been subjected, we will deny his petition without prejudice for failure to exhaust state remedies, as it appears that a hear-

ing in the state forum is reasonably imminent. 28 U.S.C. § 2254; see United States of America ex rel. Cash v. Brierley, 412 F.2d 296 (3rd Cir. 1969), opinion filed June 19, 1969; Frace v. Russell, 341 F.2d 901 (3rd Cir. 1965), cert. denied 382 U.S. 863, 86 S.Ct. 127, 15 L.Ed. 2d 101 (1965). If a hearing is not held in the reasonable future, the relator can file another petition in this Court.