**UNITED STATES of America ex rel. Sherman WALTERS H–2301, Appellant,**

v.

**A. T. RUNDLE, Supt., Graterford Corr. Institution.**

**No. 18145.**

United States Court of Appeals, Third Circuit.

Submitted March 6, 1970.

Decided April 13, 1970.

Sherman Walters, pro se.

Edward G. Rendell, Asst. Dist. Atty., James D. Crawford, Asst. Dist. Atty., Chief, Appeals Division, Richard A. Sprague, First Asst. Dist. Atty., Arlen Specter, Dist. Atty., Philadelphia Pa., on the brief, for appellee.

Before SEITZ, VAN DUSEN and ADAMS, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

This appeal is taken from a district court denial of a petition for a writ of habeas corpus. In early 1962 appellant was arrested and charged with the murder of a Philadelphia woman. He subsequently signed a confession admitting the killing. Three months later counsel were appointed. After the Commonwealth stipulated that the crime rose no higher than second-degree murder, appellant pleaded guilty to murder generally. A degree-of-guilt hearing was held, at which his confession was introduced by agreement of counsel, and appellant was adjudicated guilty of second-degree murder. No appeal was taken.

In 1967, appellant filed a petition in state court pursuant to the Pennsylvania Post-Conviction Hearing Act. Counsel was appointed and the judge who sentenced appellant in 1962 heard testimony. He denied the petition, holding that appellant's confession was voluntary and that his plea was knowingly and voluntarily entered. On appeal the Pennsylvania Supreme Court affirmed. Commonwealth v. Walters, 431 Pa. 74, 244 A.2d 757 (1968).

Appellant next filed the instant petition for a writ of habeas corpus in the district court. His petition was denied without hearing. The district judge found, based on the record made in the state proceedings, that appellant's confession was voluntary, his plea properly entered, and his loss of direct-appeal rights non-prejudicial.

We have carefully considered the record made during the state proceedings. Based on that record and considering the totality of the circumstances, we find that appellant's confession was voluntarily given and thus properly admitted at his degree-of-guilt hearing. Appellant's second contention, that the Commonwealth has not carried its burden of proving his plea was voluntarily and knowingly entered, is equally without merit. Assuming without deciding that the Commonwealth had the burden because an inadequate record was made at the time the plea was entered, our reading of the entire record satisfies us that the Commonwealth carried its burden of proving that appellant's plea was voluntarily and intelligently entered. Compare United States ex rel. Fink v. Rundle, 414 F.2d 542 (3d Cir. 1969). Appellant's final contention is that he was prejudiced because he was denied direct appellate review.[1] The Pennsylvania Su-

1. Appellant claims, and the Commonwealth apparently concedes, that appellant's court-appointed attorneys never informed him of his right to take an appeal. See Commonwealth v. Walters, 431 Pa. 74, 244 A.2d 757 (1968). Appellant contends

preme Court has held that, except where there is a conviction for first-degree murder, Post-Conviction Hearing Act relief is an adequate substitute for direct review where a plea of guilty to murder generally is entered. See, e. g., Commonwealth v. Walters, 431 Pa. 74, 76 & n. 1, 244 A.2d 757, 759 & n. 1 (1968). Our court has held that the relief afforded under the Pennsylvania Post-Conviction Hearing Act cures the constitutional deficiency of a denial of a direct appeal from a conviction for second-degree murder. See, e. g., United States ex rel. Madison v. Rundle, 422 F.2d 49 (3d Cir. 1970).

The judgment of the district court will be affirmed.

---

that his conviction never became final because he was denied direct appellate review. On this basis he argues that at least *Escobedo*, if not *Miranda* as well, should be fully applicable to his case.

Because appellant's *trial* commenced prior to both decisions, they are not applicable. Johnson v. New Jersey, 384 U.S. 719, 721, 732–34, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966).