**Joseph GAITO, Appellant,**

v.

**Honorable Henry ELLENBOGEN, Honorable J. Frank Graff, Honorable William C. Sennett, Honorable Robert W. Duggan and A. T. Prasse, et al.**

**No. 18039.**

United States Court of Appeals, Third Circuit.

Submitted Feb. 20, 1970.

Decided April 28, 1970.

Joseph Gaito, pro se.

Carol Mary Los, Asst. Dist. Atty., Pittsburgh, Pa. (Robert W. Duggan, Dist. Atty. of Allegheny County, Robert L. Campbell, Asst. Dist. Atty., Pittsburgh, Pa., on the brief), for appellees.

Before KALODNER and VAN DUSEN, Circuit Judges, and FULLAM, District Judge.

## OPINION OF THE COURT

VAN DUSEN, Circuit Judge.

This is an appeal from an order of April 17, 1969, dismissing plaintiff's civil rights complaint against various state officials.

The basic facts in this case appear to be undisputed. Plaintiff was convicted on February 19, 1960, of armed robbery, assault with intent to kill, and carrying

a concealed deadly weapon, and was sentenced to 18 to 42 years' imprisonment. He took no direct appeal from this sentence.

On May 16, 1968, plaintiff filed a 111-page petition in the state court under the Pennsylvania Post-Conviction Hearing Act, alleging errors relating to the conduct of his trial. The main thrusts of his claim appear to be that the trial judge, by aiding the prosecution, deprived him of his right to an impartial tribunal, and that he was denied effective assistance of counsel. The trial judge, sitting as hearing judge, ordered an amended petition (apparently due to difficulty in understanding plaintiff's contentions) and appointed the public defender as counsel for plaintiff. Plaintiff then filed a nine-page amended petition, refusing appointment of counsel in a letter to the judge. At a hearing held November 18, 1968, the judge again urged plaintiff to accept the assistance of counsel, and plaintiff again refused. By order of February 11, 1969, the court dismissed "each and every Petition which has been filed by petitioner in the above entitled case" because they failed to meet the requirements of Rule 1501 of the Pennsylvania Rules of Criminal Procedure, 19 P.S. Appendix.[1] The order stated that "a new Petition is to be filed by petitioner, specifically raising in concise form all of the points which petitioner wishes to raise in this proceeding," and that the public defender was appointed "to act only in an advisory capacity as the Petitioner may see fit in assisting in the preparation of such petition." Plaintiff then moved, by letter to President Judge Ellenbogen, to have the hearing judge disqualified on the basis of his conduct at plaintiff's criminal trial. Judge Ellenbogen refused to intervene. Plaintiff took no appeal from the dismissal of his petitions or from Judge Ellenbogen's decision.

In February 1969, the complaint involved in this case (dated February 21, 1969) was received by the United States District Court for the Western District of Pennsylvania. Plaintiff named as defendants Judge Ellenbogen, the trial judge, the Attorney General of Pennsylvania, the Pittsburgh District Attorney, the superintendent of the state prison under whose custody he was being held, and an undefined "et al.," presumably being agents of the named defendants. The District Court, believing that the plaintiff was petitioning for his release, treated the complaint as a petition for a writ of habeas corpus. As such, it was dismissed because (a) it was not printed on the Western District's form for habeas corpus petitions, (b) it was not a concise statement of plaintiff's claims,[2] and (c) he had not exhausted state remedies.

Plaintiff moved for reconsideration, insisting that he wanted the complaint treated as instituting a civil rights action under 42 U.S.C. §§ 1983, 1985 and 1986. Treating it is such a manner, the District Court dismissed the action by opinion and order dated April 17, 1969, on the theory that the claims were barred by the statute of limitations and that each of the named defendants had immunity from suit. This appeal followed.

We have scrutinized, as did the District Court, each of plaintiff's many papers in an effort to discover his theory of relief. Plaintiff's main claim, as stated in his motion for reconsideration, is that he was made to run the "gauntlet of arbitrary reachings at due process of law and access into the Court." Among other general claims was the delay in the adjudication of his state petition caused by the demanded clarification of the petition, by the court's apparent insistence that he accept appointed counsel, and by the District Attorney's 12-day delay in responding to a show cause order.

1. This Rule prescribes a form to be used in filing a petition under the Post-Conviction Hearing Act.

2. The complaint covered 29 pages, to which were attached 23 pages of "exhibits." A two-page addendum to the complaint was also filed.

Plaintiff also claimed that there was a constitutional infirmity in having the trial judge adjudicate the state post-conviction claims.[3] In addition, plaintiff renewed various attacks made in the state court against his conviction.[4] In all, including repetition, there were approximately 40 enumerated claims that plaintiff pleaded as entitling him to "some [sort of] relief."

■■ The District Court's Memorandum Order dismissing the complaint, when treated as a habeas corpus petition, was proper. The court did not abuse its discretion in dismissing the petition for failure to comply with local rules as to form. See United States ex rel. Wilson v. Maroney, 395 F.2d 207 (3rd Cir. 1968). More importantly, the plaintiff failed to exhaust available state remedies. The state court hearing judge instructed plaintiff to file a condensed petition, complying with Rule 1501, indicating that such a petition would receive consideration. If the plaintiff felt that this requirement was unnecessarily burdensome, as he intimates, then he had available to him recourse to the appellate courts of the state. He pursued neither course.[5]

■■ Plaintiff sought to avoid this result by insisting that his claim be treated as based on the civil rights statutes. The most plausible interpretation of plaintiff's complaint is that given to it in the first District Court Memorandum Order—that he was being held in custody in violation of the Constitution or laws of the United States. To the extent that such a claim implies a demand for equitable relief, plaintiff cannot proceed under the civil rights statutes. The civil rights statutes are not a substitute for habeas corpus relief, and cannot be used to circumvent the requirement under the habeas corpus statutes of exhaustion of state remedies.[6] Gaito v. Strauss, 249 F.Supp. 923, 930 (W.D. Pa.), aff'd. 368 F.2d 787 (3rd Cir. 1966).

The existence of habeas corpus remedies, of course, does not preclude civil

---

3. The lengthy complaint alleges such conclusory claims as "abusive practices by the State Judiciary * * * and * * * the Executive * * *" in assigning the trial judge to the collateral proceedings after conviction, denial of "access into the Courts," action of state judges on the basis of "whim and caprice," "intimidation" by the court, "maneuvering behind the scenes," etc. The following is a typical sentence:

"Redress from such illegal judgments is being curtailed, controlled and maintained in a perfected illegal conspiracy, by the respective defendants, and their Agents, in utter disregard to the Laws, the Constitutions, and their individual positions under mandated structure of law, who apply their dictates as a personal super and supreme legislature, and envision themselves, not as interpreters of the Constitution and the laws, which is the role and province assigned and limited to them by the Constitution, but as possessing the right, the power and the duty to change, and, if necessary, rewrite the Constitution and any and every law, in order to bring it in accord with what they believe is or will be best for the social, political or economic interests of our state or Country."

4. Plaintiff raised substantially the same arguments that had been urged in the state court, including partiality of the trial court, ineffective counsel, improper admission of incriminating statements, and denial of the right to appeal. On the last of these challenges, see United States ex rel. Walters v. Rundle, 424 F.2d 488 (3rd Cir. 1970).

5. Throughout his various papers, plaintiff berates the demands of the state court that he follow customary procedures because, being unschooled in the law, he could not understand these "technicalities." This claim is entirely without merit in view of the state court's efforts to convince him to accept the assistance of the appointed public defender.

6. This is not to say that plaintiff may be foreclosed from securing his release, if his conviction was unconstitutional, should he allege and prove facts that support his claim that he has been denied access to the state courts. "We recognize that under exceptional circumstances, state inaction upon an application for habeas corpus relief may warrant federal intervention." United States ex rel. Cash v. Brierly, 412 F.2d 296, 297 (3rd Cir. 1969); see United States ex rel. Gockley v. Myers, 411 F.2d 216 (3rd Cir. 1969).

rights actions by state prisoners who claim mistreatment while in custody. E. g., Kelly v. Butler County Bd. of Comm'rs, 399 F.2d 133, 135 n. 3 (3rd Cir. 1968); Hancock v. Avery, 301 F.Supp. 786, 790–791 (M.D.Tenn.1969). But some courts have disagreed with the implicit holding of Gaito v. Strauss, *supra*, that no claim for damages under the civil rights statutes, even one that serves as a "guise or method of obtaining release from custody," is superseded by the existence of habeas corpus relief. E. g., Still v. Nichols, 412 F.2d 778, 779 (1st Cir. 1969).

 We need not reach this issue, however, because of fatal defects in the complaint. Four of the five named defendants, the two judges, the Attorney General, and the District Attorney, are immune from suit based on their actions as state officials. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); Henig v. Odorioso, 385 F.2d 491 (3rd Cir. 1967); Bauers v. Heisel, 361 F.2d 581 (3rd Cir. 1966). The remaining defendant, a prison official, is not similarly clothed with immunity, but a complaint against him must contain "a short and plain statement of the claim * * * and * * * the relief * * *" desired, specifying some fact that would plausibly form a basis for relief. F.R.Civ.P. 8(a) (2) and (3); Negrich v. Hohn, 379 F.2d 213 (3rd Cir. 1967). The plaintiff asserts generally that the named prison official is part of a "perfected illegal conspiracy" that has "curtailed, controlled and maintained" his redress from his 1960 conviction. See note 3, *supra*. In support of this claim, the only fact alleged is that he, as a prisoner, is compelled to file his legal papers on pink paper, whereas prisoners from other state institutions use yellow or green paper. We fail to see any constitutional right violated by this procedure.

Plaintiff's reliance on the "all writs statute," 28 U.S.C. § 1651, is misplaced. Gurley v. Superior Court, 411 F.2d 586 (4th Cir. 1969).

One further comment is necessary. Throughout plaintiff's papers, various reckless and scurrilous attacks are made on state judicial and law enforcement personnel. These attacks will not be tolerated, and should plaintiff persist in inserting them in future pleadings, either the whole or such portions of his pleadings that contain this language will be stricken.

The order of the District Court dated April 17, 1969, will be affirmed.