**UNITED STATES of America ex rel. Warren G. SPRUILL**

v.

**H. E. RUSSELL, Supt.**

**Civ. A. No. 70–1907.**

United States District Court, E. D. Pennsylvania.

Dec. 10, 1970.

Warren G. Spruill, pro se.

Arlen Specter, Dist. Atty., T. Michael Mather, Asst. Dist. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

JOHN W. LORD, Jr., Chief Judge.

Warren G. Spruill, relator in the instant case, filed this petition for a writ of habeas corpus in which he attacks his conviction on Bill of Indictment Number 5728, May Term, 1966 (Philadelphia County). Relator pled guilty to murder generally and on October 6, 1966, a three judge panel composed of the Honorables Maurice W. Sporkin, Ethan Allen Doty and Alexander F. Barbieri, after accepting the plea and hearing evidence on the degree of guilt, found relator guilty of second degree murder. Relator is presently serving a 6–20 year sentence at the State Correctional Institution, Huntingdon, Pennsylvania.

Relator has never directly appealed this conviction to the Superior or Supreme Courts of Pennsylvania. However, he has filed a petition under the Pennsylvania Post Conviction Hearing Act, 19 Pa.Stat.Ann. § 1180–1 et seq. (Supp.1970), in which relator, with the aid of Walter Lowney, Esq., of the Voluntary Defender's Association, attacked his guilty plea and claimed that he was denied his right to appeal. The Honorable John J. McDevitt, III, after a full evidentiary hearing, denied the petition on November 14, 1968. The Supreme Court of Pennsylvania affirmed this denial on March 20, 1970. Commonwealth v. Spruill, 437 Pa. 530, 263 A.2d 471 (1970).

■ In his present petition relator raises the identical two issues which have been litigated in the state courts. Relator has exhausted his state court remedies. The Court has before it the entire state court record and since we find the state fact finding hearing was full and adequate, there is no need for an independent evidentiary hearing. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

■ Relator initially contends that his guilty plea was primarily motivated by an involuntary confession. We shall, as did the state courts, assume that the confession was involuntary.[1] The simple answer to relator's first contention is that it is not a sufficient basis upon which habeas corpus relief can be afforded. The law is clear that, where the relator, after consultation with counsel which has not been ineffective, has pled guilty, he may not collaterally attack that plea on the basis that a confession was coerced and that it motivated his plea. McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); United States ex rel. Broaddus v. Rundle, 429 F.2d 791 (3rd Cir.1970). The Court in *McMann* stated that a plea of guilty in a state court is "not subject to collateral attack in a federal court on the ground that it was motivated by a coerced confession unless the defendant was incompetently advised by his attorney." *McMann, supra,* 397 U.S. at p. 772, 90 S.Ct. at p. 1449. The *McMann* decision has the effect of focusing the court's attention in this type of case to the effectiveness of relator's trial counsel. In the instant case there is no question but that relator received effective assistance of counsel. Relator asserted at his Post Conviction hearing that his trial counsel, Jerome E. Furman, Esq., never discussed his confession prior to the trial. However, Mr. Furman, who also testified at that hearing, stated that he did know that the statement given to the police by the relator was obtained without counsel being present and did discuss the statement with relator (N.T. P.C.H. p. 11). Furthermore, Mr. Furman testified that he believed that he had consulted with the relator at least three times and possibly more prior to the trial (N.T. P.C.H. p. 3) and that he informed relator of the consequences of entering a guilty plea (N.T. P.C.H. p. 3) and that he felt the relator understood those consequences (N.T. P.C.H. pp. 3, 9). The trial attorney further stated that his decision to advise relator to plead guilty was not

---

1. It would appear that relator was not afforded the *Miranda* warnings prior to being interrogated by the police.

based on the existence of the statement "except as it was corroborated by statements of other witnesses. One of them I recall was an eye witness" (N.T. P.C. H. p. 6). Relator's murder indictment charged that the defendant kicked and stomped a 51 year old woman to death. Relator's trial counsel knew that the Commonwealth had one eyewitness who actually saw relator kicking the victim. Mr. Furman stated at the Post Conviction hearing that the overwhelming evidence which the Commonwealth had, the most convincing being the eyewitness, and considering the nature of the charge and the possible sentences, all convinced him that it would be in the best interest of the relator to have him plead guilty.

It appears clear to this Court that the attorney's advice was perfectly sound and that relator's plea was largely motivated by a desire to avoid a possible harsher sentence, perhaps even the death penalty, if he put the Commonwealth to its proof. This is a proper factor for counsel and relator to consider and as long as he understood the plea and made it voluntarily, which we find that he did,[2] the plea is valid. *See* Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); North Carolina v. Alford, 400 U.S. 25, 91 S. Ct. 160, 27 L.Ed.2d 162 (1970). Moreover, since relator received less than the maximum sentence for even second degree murder, it would appear that counsel's advice was well taken. Since relator clearly received competent assistance of counsel, his first contention is without merit.

Relator's second ground in support of his petition, that he was denied his right to appeal,[3] is also readily disposed of. This Circuit has consistently held that where there is a valid guilty plea to murder generally relief afforded under the Post Conviction Hearing Act cures the constitutional deficiency of a denial of a direct appeal. United States ex rel. Walters v. Rundle, 424 F.2d 488 (3rd Cir. 1970); United States ex rel. Madison v. Rundle, 422 F.2d 49 (3rd Cir. 1970); United States ex rel. Black v. Russell, 306 F.Supp. 270 (E.D.Pa.1969). The rationale for this position was ably stated by Justice Roberts of the Pennsylvania Supreme Court when he held that once there is a plea to murder generally, the only issues which relator can raise on appeal are the validity of the plea and the lawfulness of his sentence, and since these same issues can be raised at a post conviction hearing, relator has not been denied any constitutional right. Commonwealth v. Walters, 431 Pa. 74, 244 A.2d 757 (1968). Relator in the instant case has had such a hearing at which time he did attack the validity of his plea. Since any constitutional defect has been cured, this Court will not, as the state courts did not, decide whether relator was actually denied his right to appeal.

### ORDER

And now, to wit, this 10th day of December, A. D. 1970, it is ordered that relator's petition for a writ of habeas corpus be and the same is hereby denied.

There is no probable cause for appeal.

2. The state court record from the degree of guilt hearing contains an extended colloquy between relator and the judges prior to their accepting his plea. This, coupled with his counsel's testimony at the Post Conviction hearing, which has already been referred to, leaves no doubt in the Court's mind that the plea was entered voluntarily and knowingly.

3. Relator's trial counsel did inform him in writing after the imposition of sentence that he had a right to appeal (N.T. P.C.H. p. 13). Counsel did not, however, tell relator that if he desired to appeal in spite of counsel's recommendation, he would continue to represent him without fee.