**Walter M. GUYER**

v.

**Joseph F. MAZURKIEWICZ and The Attorney General of the Commonwealth of Pennsylvania.**

**No. 86–0783.**

United States District Court,
E.D. Pennsylvania.

June 23, 1986.

---

Walter M. Guyer, Bellefonte, Pa., pro se.

Thomas J. Wagner, Asst. Dist. Atty., Chester County, West Chester, Pa., for defendants.

## OPINION

LUONGO, Chief Judge.

Walter M. Guyer, a prisoner in the custody of the Commonwealth of Pennsylvania, has petitioned for a writ of habeas corpus under 28 U.S.C. § 2254. He attacks his state conviction on the grounds that he was denied due process of law, effective assistance of counsel and a speedy trial; that the Commonwealth violated the Interstate Agreement on Detainers, 42 Pa. C.S.A. §§ 9101 *et seq.;* and that he was subjected to double jeopardy. Magistrate Richard A. Powers, III has recommended that the petition be denied without prejudice for failure to exhaust state remedies. I agree that the petition must be denied, but write separately to address an issue not raised in the Magistrate's Report and Recommendation.

Before a federal court may consider a habeas corpus petition, the petitioner must show that he has exhausted his state remedies or that such remedies are ineffective. 28 U.S.C. § 2254(b), (c). *See Rose v. Lundy,* 455 U.S. 509, 515–16, 102 S.Ct. 1198, 1201–02, 71 L.Ed.2d 379 (1982); *Santana v. Fenton,* 685 F.2d 71 (3d Cir.1982), *cert. denied,* 459 U.S. 1115, 103 S.Ct. 750, 74 L.Ed.2d 968 (1983). Petitioner's appeal from his judgment of sentence is presently pending before the Pennsylvania Superior Court. Normally the pendency of an appeal is in itself sufficient to preclude a finding that the exhaustion requirement has been satisfied. *See, e.g., United States ex rel. Hankins v. Wicker,* 582 F.Supp. 180, 181 (W.D.Pa.1984), *aff'd mem.,* 782 F.2d 1028 (3d Cir.1986); *Johnson v. Cuyler,* 535 F.Supp. 466, 475–76 (E.D.Pa.1982), *aff'd mem.,* 714 F.2d 123 (3d Cir.1983).

Petitioner, however, contends that his right of appeal is not an effective remedy in this case. First, he claims that action on his appeal, which was filed April 4, 1985, is being unduly delayed. The district attorney of Chester County has represented that petitioner can file certain motions in the superior court to expedite the proceedings. Moreover, I do not believe that the time which has elapsed is so unreasonable as to justify federal interference at this point.

More serious, however, is petitioner's claim that the superior court's insistence upon strict compliance with its procedural rules is depriving him of meaningful access to that court. According to petitioner, prison officials have refused to provide him with carbon paper or copying services. He therefore asked the superior court to waive the multiple copy requirements set forth in the Pennsylvania Rules of Appellate Procedure. When the court denied his request, petitioner attempted to file a "Motion to Compel Prison Officials to Provide Free Legal Postage, Stationery, Pens, Carbon Paper and Copying Services Necessary for Meaningful Court Access." The court returned the motion, stating that it could not be entertained until it had been served on all interested parties.

Understandably, petitioner feels somewhat frustrated at this point. His frustration, however, is not a sufficient ground for relieving him of the exhaustion require-

ment. It is not clear from petitioner's submissions how burdensome it would be for him to find other means of copying his documents, i.e., through his attorney.[1] If the superior court's enforcement of procedural formalities does effectively prevent petitioner from pursuing his appeal, there is precedent indicating that the court's rulings will be considered interlocutory and directly appealable. *See Gaito v. Ellenbogen,* 425 F.2d 845, 848 (3d Cir.1970); *Koziatek v. Marquett,* 335 Pa.Super. 482, 484 A.2d 806, 807 n.1 (1984); *Thompson v. Garden Court, Inc.,* 277 Pa.Super. 460, 419 A.2d 1238, 1240 n.3 (1980) (because court's denial of leave to proceed in forma pauperis "has the practical consequence of effectively putting appellant out of court, the order is a final order from which appellant may appeal.") Petitioner should attempt to pursue remedies available within the state court system before resorting to federal habeas corpus.

In summary, the courts of Pennsylvania have not had full opportunity to address petitioner's claims. Despite the problems petitioner has encountered in pursuing his appeal, I am not convinced that his state remedies are ineffective. I will, therefore, deny his petition without prejudice.

---

**1.** Although this habeas corpus petition was filed *pro se,* petitioner's submissions indicate that he is represented by counsel in the state proceedings.