**Frank J. MARCEDES, Jr., Appellant,**

v.

**Thomas E. BARRETT, Clerk of Courts, et al.**

**No. 18492.**

United States Court of Appeals, Third Circuit.

Submitted Nov. 12, 1971.

Decided Dec. 16, 1971.

Frank J. Marcedes, Jr., pro se.

Maurice Louik, County Sol., Craig T. Stockdale, Asst. County Sol., Pittsburgh, Pa., for appellees.

Before VAN DUSEN and ROSEN, Circuit Judges, and BECKER, District Judge.

OPINION OF THE COURT

PER CURIAM:

This appeal is from a district court order dismissing for failure to state a "cause of action," a complaint filed under the Civil Rights Acts (42 U.S.C. §§ 1983 and 1985) against a Clerk of State Courts, a Supervisor on the staff of such Clerk, the Administrative Assistant to the President Judge of the Allegheny County Court,[1] and the State Court Reporter who reported state criminal court

1. The only mention of defendant Carl M. Janavitz is that defendants ". . . confederate and conspire with Defendant Janavitz, in obstructing and suppressing Plaintiff's right to legal assistance . . ." (p. 7 of Complaint), but the respondent's brief states his official position. The

above-quoted language is insufficient to state a cause of action under the Civil Rights Acts. See Negrich v. Hohn, 379 F.2d 213, 215 (3d Cir. 1967); Gaito v. Ellenbogen, 425 F.2d 845, 849 (3d Cir. 1970).

proceedings[2] resulting in a January 23, 1967, sentence imposing on plaintiff imprisonment for not less than 1½ nor more than 3 years. The complaint alleges that the refusal to furnish the notes of testimony denied "Plaintiff access to the courts" (page 5). In February 1967, plaintiff wrote the Clerk requesting a transcript of the criminal proceedings. On March 17, 1967, the President Judge wrote plaintiff that when the transcript had been "completed, a copy will be forwarded to the Institution where they will be available for inspection upon request of the Officials there."[3] The complaint concludes by praying for (a) "damages in excess of $75,000 for causing [plaintiff] delay in submitting his grievances to the courts . . .", (b) a court order "directing the defendants to make available copies of Trial Transcripts and Original Papers of Arrest and enjoining them from suppressing plaintiff from constructing his Legal Petitions," and (c) a court order directing that [an alleged] racist's picture be removed" from apparently the State Correctional Institution at Huntingdon (see pp. 9–10 of complaint).[4]

After careful consideration of the complaint, we have determined that "its failure to state facts in support of its conclusions," see Gaito v. Ellenbogen, 425 F.2d 845, 849 (3d Cir. 1970); Negrich v. Hohn, 379 F.2d 213, 215 (3d Cir. 1967), and the judicial immunity of the defendants, acting as judicial and quasi-judicial officials, require the conclusion that the district court did not abuse its discretion in dismissing the complaint. See Bauers v. Heisel, 361 F. 2d 581 (3d Cir. 1966), cert. denied, 386 U.S. 1021, 87 S.Ct. 1367, 18 L.Ed.2d 457 (1967), and cases there cited; Lockhart v. Hoenstine, 411 F.2d 455, 459 (3d Cir. 1969) (prothonotary is a judicial or quasi-judicial officer entitled to immunity under the Civil Rights Acts); Stewart v. Minnick, 409 F.2d 826 (9th Cir. 1969) (court reporter and court clerk are quasi-judicial officers who "are clothed with judicial immunity"); cf. Gaito v. Ellenbogen, supra, 425 F.2d at 849.

The district court order will be affirmed.

---

2. Allegheny County, Pa., Court of Oyer & Terminer, No. 12, March 1966 Sessions, charging Armed Robbery and Receiving Stolen Goods.

3. The entire letter is as follows:
"Dear Mr. Marcedes:
"Your Request for Notes of Testimony is returned herewith.
"Please be advised that these are in the process of being transcribed. As soon as they are completed, a copy will be forwarded to the Institution where they will be available for inspection upon request of the Officials there.
Sincerely yours,
/s/ Henry Ellenbogen"
The docket book of the Allegheny County, Pa., Court of Oyer & Terminer, shows under No. 12, March 1966 Sessions, that two copies of the transcript were sent to the Western Penitentiary on March 20, 1967. The complaint, dated August 1, 1969, alleges that plaintiff is confined in the State Correctional Institution, Huntingdon, Pennsylvania, "subsequent to being transferred from the Western Diagnostic and Classification Center . . ." which is in the Western Penitentiary, Allegheny County (P. O. Box 9901, Pittsburgh, Pa. 15233).

4. There is no showing that plaintiff has exhausted the administrative remedies available in the Pennsylvania correctional system insofar as this claim is concerned. See Gaito v. Prasse, 312 F.2d 169, 171–173 (3d Cir. 1963); United States ex rel. Wakeley v. Commonwealth of Pennsylvania, 247 F.Supp. 7, 9 note 2 (E.D. Pa. 1965). Furthermore, in the context of the prison situation, this allegation does not allege a violation of civil rights. See Knuckles v. Prasse, 302 F.Supp. 1036, 1047 (E.D.Pa.1969), aff'd, 435 F.2d 1255, 1257 (3d Cir. 1970); Gittlemacker v. Prasse, 428 F.2d 1 (3d Cir. 1970).