Fred PROCHASKA, Plaintiff,

v.

John E. FEDIACZKO, John A. Meehan, Frank Vitril, Thomas A. Shumaker, Hon. John Henderson, and Lawrence County Child Welfare Services, Defendants.

Civ. A. No. 77–201.

United States District Court,
W. D. Pennsylvania.

Oct. 17, 1978.

Anne M. Nelson, Paul D. Boas, Pittsburgh, Pa., for plaintiff.

Charles W. Garbett, Elwood City, Pa., David A. Brakoniecki, Pittsburgh, Pa., John ViPond, III, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

COHILL, District Judge.

Plaintiff, Fred Prochaska, has been employed as a caseworker for the Lawrence County Child Welfare Services ("Services"). As a result of his differences with the Services' Administrator, defendant John E. Fediaczko, and the defendant, the Honorable John Henderson, Presiding Judge of the Court of Common Pleas of Lawrence County, New Castle, Pennsylvania, in connection with the case of a juvenile, "Debra W.," Mr. Fediaczko, with the approval of defendants, Lawrence County Commissioners, John A. Meehan and Thomas Shumaker, suspended the plaintiff for five days without pay. Although the suspension letter (Complaint, Exhibit 9) cited specific grounds of insubordination, plaintiff brought suit under 42 U.S.C. §§ 1983 and 1985(3) seeking injunctive, compensatory and other relief for asserted deprivations of his first amendment rights and his property rights without due process of law.

Judge Henderson moved to dismiss the complaint for failure to state a claim upon which relief can be granted, suggesting that the doctrines of judicial immunity and abstention are applicable. The remaining defendants also moved to dismiss the complaint for failure to "state a cause of action," asserting, *inter alia,* that the plaintiff failed to exhaust administrative and state judicial remedies, that the complaint does not indicate how the defendant, Lawrence County Commissioner Frank Vitril, aggrieved the plaintiff, and that an insufficient property interest of plaintiff is implicated.

■ At the outset, we acknowledge that all well-pleaded allegations of the complaint must be taken as true for purposes of deciding these motions. *See Gardner v. Toilet Goods Ass'n,* 387 U.S. 167, 172, 87 S.Ct. 1526, 18 L.Ed.2d 704 (1967).

■ Nevertheless, the defendant, Judge Henderson, is shielded from liability for all

acts performed in his judicial capacity not in the "clear absence" of jurisdiction. *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *Bradley v. Fisher,* 80 U.S. 335, 13 Wall. 335, 20 L.Ed. 646 (1872). Plaintiff has alleged no facts that directly or by inference tend to establish that Judge Henderson acted in the "clear absence" of jurisdiction, or outside his judicial capacity, to work a deprivation of plaintiff's rights. In addition, we do not view the allegations of paragraphs 43 and 44 of the complaint, regarding Judge Henderson's communications with the newspaper, as constituting a cognizable first amendment deprivation.

■ As for the § 1985(3) claim against Judge Henderson, the complaint contains merely conclusory allegations of a conspiracy involving Judge Henderson, which is insufficient to state a claim for relief under § 1985(3). *See, e.g., Robinson v. McCorkle,* 462 F.2d 111 (3d Cir.), *cert. denied,* 409 U.S. 1042, 93 S.Ct. 529, 34 L.Ed.2d 492 (1972); *Marcedes v. Barrett,* 453 F.2d 391 (3d Cir. 1971); *Fletcher v. Hook,* 446 F.2d 14 (3d Cir. 1971). Moreover, the complaint fails to allege a "racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action," which is necessary to state a § 1985(3) claim. *Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971); *Bethel v. Jendoco Const. Corp.,* 570 F.2d 1168, 1172–73 (3d Cir. 1978).

Because the complaint states no § 1983 or § 1985(3) claim for which injunctive relief could be granted against Judge Henderson, we will grant his motion to dismiss *en toto.*

■ The motion to dismiss filed by the remaining defendants involves different considerations. First, their exhaustion of administrative remedies argument fails in light of existing Third Circuit decisions holding to the contrary. *United States ex rel. Ricketts v. Lightcap,* 567 F.2d 1226, 1229 (3d Cir. 1977); *Hochman v. Board of Education of City of Newark,* 534 F.2d 1094, 1097 (3d Cir. 1976).

■ Second, the abstention doctrine of *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), as extended by *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975) and *Juidice v. Vail,* 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977) is clearly inapplicable here, where no administrative or state judicial proceedings of any kind are pending or were commenced.

Also inapplicable is the equitable doctrine of abstention first clearly articulated in *Railroad Commission v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), which is activated by an unsettled question of state law that could moot or alter the federal constitutional claim. *See McKnight v. Southeastern Pennsylvania Transportation Authority,* 583 F.2d 1229 at 1240 (3d Cir. 1978).

■ Arguably, principles of abstention delineated in *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943), apply to the present case. *Burford*-type abstention is based on principles of comity and is aimed at avoiding needless conflict with the administration of a state of its own affairs. 17 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure: Jurisdiction § 4244 (1978). In this case, however, we conclude that any interference with the administration of the Pennsylvania Civil Service Commission is unavoidable, because plaintiff is seeking injunctive relief, which the Commission is not empowered to give. Moreover, any interference with the Commission is minimal, because the result in this case could not have a disruptive effect on any Pennsylvania policy concerning a matter of public concern. *Id.* § 4244, at 485. *See also McKnight v. Southeastern Pennsylvania Transportation Authority, supra,* at 1241–1242. Furthermore, to abstain in this case on this basis would be very similar to requiring exhaustion of administrative remedies, which the Third Circuit has held clearly need not be done.

The defendants' remaining claims have no merit.

AND NOW, to-wit, this 17th day of October, 1978, in accordance with the foregoing, IT IS ORDERED, ADJUDGED and DECREED that:

1. The motion to dismiss filed by the Honorable John Henderson be and hereby is granted; and

2. The motion to dismiss filed by the other defendants be and hereby is denied.