**Robert DAVIS, Plaintiff,**

v.

**PHILADELPHIA COUNTY,
et. al., Defendants.**

**No. CIV.A. 02–1776.**

United States District Court,
E.D. Pennsylvania.

April 11, 2002.

Robert Lynn Davis, Darby, for Plaintiff, Pro Se.

(IFP Motion with Complaint Dismissed), for Defendant.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

Presently before the Court is the Motion to Proceed *In Forma Pauperis* of Plaintiff Robert Davis ("Plaintiff" or "Davis"). For the reasons that follow, the Court will grant Plaintiff's Motion to Proceed *In Forma Pauperis*, but will dismiss his complaint.

### A. *In Forma Pauperis*

Plaintiff seeks to proceed *in forma pauperis* in this action. It appears to the Court that Plaintiff cannot afford to pay the filing fees to initiate this action, thus, the Court grants Plaintiff leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915. However, the Court directs that the complaint be dismissed prior to service.

 This Court has the power to *sua sponte* dismiss this case "at any time if the court determines that... (B) the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii). An action is frivolous if it "lacks an arguable basis in either fact or law." *See*

*Green v. Seymour*, 59 F.3d 1073, 1077 (10th Cir.1995) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989)). Moreover, "[d]ismissal under § 1915(e) is appropriate both when the action is 'based on an indisputably meritless legal theory' and when it posits 'factual contentions [that] are clearly baseless.'" *Rankine v. Server*, No. CIV.A. 01–0653, 2001 WL 322517, *1 (E.D.Pa. Feb.13, 2001) (quoting *Neitzke*, 490 U.S. at 327, 109 S.Ct. 1827).

### B. *Plaintiff's Complaint*

Plaintiff's complaint names as defendants the following: Philadelphia County, *et. al.;* Philadelphia Court Appointed Attorneys, *et. al.;* Judges, *et. al.;* Clerk of Judicial Records, *et. al.;* D.A. Office(s), *et. al.;* and Pathologist in Forensic Pathology, *et. al.* Plaintiff does not identify who the "*et. al.*" after each general category is meant to represent.

The complaint purports to sue the above mentioned parties for alleged violations of Plaintiff's Constitutional Rights. The constitutional violations of which Plaintiff complains all stem from his underlying state court conviction and his post-conviction representation. He summarizes the violations as follows:

layered ineffectiveness of several court-appointed lawyers, hybrid representation, failure to provide reasonable (any) accommodation of a disability (Attention Deficit Disorder), failure to perfect a court-ordered direct appeal, failure to perfect an Ordered Nunc-pro-tunc Direct Appeal, and failure of the court to provide a complete and current set of Notes of Testimony as well as other documents that would allow for an informed appeal process. Most currently, court-appointed counsel failed to meet the mandates of Turner and Finley, failed to verify Brady-required Exculpa-

688

tory Issues. Current counsel lied to the court, altered and misrepresented court documents, failed to communicate and investigate issues expressly mandated by the petitioner in the one-sided flow of information to counsel from petitioner. Plaintiff's Compl. at pg. 1.

Plaintiff also complains that his sentence should be vacated and that there should be an evidentiary hearing to determine the impact of his Attention Deficit Disorder on his trial.[1] Plaintiff requests that this Court "expeditiously act upon this memorandum by either rendering an appropriate judgment or immediately refering [sic] the case to an appropriate court or agency to investigate and resolve the injustices in the failure of the court to serve the petitioner."[2] *Id.* at pg. 3.

### C. *Plaintiff's Claims Against the Judicial Defendants*

■ Plaintiff argues that Judge Richette violated his constitutional rights by communicating with Plaintiff directly while Plaintiff was being represented by various court-appointed counsel (what Plaintiff calls "hybrid representation"); by not monitoring and expecting reasonable performance from Plaintiff's court-appointed counsel; by not holding court-appointed counsel responsible; and by issuing conflicting orders.

■ Plaintiff's allegations against Judge Richette lack an arguable basis in law because Judge Richette enjoys absolute judicial immunity for the actions of which Plaintiff complains. Judges are entitled to absolute judicial immunity from suit for actions arising from judicial acts which were undertaken with jurisdiction. *See*

1. It appears that Plaintiff is no longer incarcerated and that the conduct of which he complains occurred at various points in 1999.

2. Plaintiff does not indicate under what authority he brings his civil action; however,

*Gallas v. Supreme Court of Pennsylvania,* 211 F.3d 760, 768 (3d Cir.2000). The actions for which Plaintiff seeks to hold Judge Richette accountable are, by Plaintiff's own admission, actions she took in her official capacity as Judge in an underlying criminal proceeding. Plaintiff complains that Judge Richette issued conflicting orders and that she allowed him to file things *pro se* while also accepting filings from his court-appointed counsel. These actions were clearly undertaken in Judge Richette's official capacity, and, thus, Judge Richette has absolute judicial immunity from any suit arising from the actions of which Plaintiff complains. Therefore, Plaintiff's claims against her lack an arguable basis in law and will be dismissed.

■ Likewise, to the extent Plaintiff attempts to bring a claim against the "Clerk of Judicial Records," as named in the caption, that claim would also be barred because judicial or quasi-judicial immunity applies to court staff who are acting in their official capacities. *See Marcedes v. Barrett,* 453 F.2d 391, 391 (3d Cir.1971) (holding that judicial or quasi-judicial immunity applied to clerk of courts, a supervisor on the staff of the clerk of courts, an administrative assistant to the president judge, and a court reporter). Thus, Plaintiff lacks an arguable basis in law for his claims against those defendants and those claims are dismissed.

### D. *Plaintiff's Claims Against Court–Appointed Counsel*

■ Plaintiff also complains about the conduct of his various court-appointed counsel.[3] Plaintiff argues that these attor-

given the claims, the Court will treat his complaint as a § 1983 civil rights claim.

3. Plaintiff does not name these lawyers in the caption of his suit, but names various lawyers throughout the complaint.

neys failed to perfect his appeals, lied to the court, failed to investigate his case, and failed to communicate with him. However, Plaintiff cannot maintain a § 1983 claim against these attorneys because a court-appointed defense attorney does not qualify as a state actor for § 1983 purposes. *See Hull v. Mallon*, No. CIV.A. 00–5698, 2001 WL 964109, *1 (E.D.Pa. Aug.21, 2001) (court appointed counsel not state actor for § 1983 purposes) (citing *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) (other citations omitted)); *see also Ortiz v. Greenlee*, No. CIV.A. 96–7126, 1997 WL 327369, * 2 (E.D.Pa. April 28, 1997) (same). Thus, Plaintiff's claims against the court-appointed lawyers lacks an arguable basis in law and will be dismissed.[4]

### E. *Plaintiff's Claims Against the District Attorneys' Office*

 Plaintiff does not make any specific factual allegations against the District Attorneys' office even though it is named in the caption. However, to the extent Plaintiff attempts to bring any claims against the District Attorneys' office for their work in initiating the prosecution and handling the prosecution as well as participating in the post-conviction proceedings, those claims would be barred as well. *See Ortiz*, 1997 WL 327369, at *3 (" 'in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983' ") (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976)). Thus, Plaintiff lacks an arguable basis in law for his claims against the

District Attorneys' office, and those claims are dismissed as well.

### F. *Plaintiff's Claims Against the Pathologist*

Finally, Plaintiff names the general category "Pathologist in Forensic Pathology" in the caption. However, Plaintiff does not make any factual allegations in the complaint that address any pathologists. Thus, those claims will be dismissed.

### G. *Conclusion*

An appropriate Order follows.

### *ORDER*

AND NOW, this 11th day of April, 2002, upon consideration of the Plaintiff's Motion to Proceed *In Forma Pauperis* and it appearing to the Court that Plaintiff cannot afford to pay the required fees, it is hereby ORDERED that the Motion is GRANTED.

However, Plaintiff's Complaint is hereby DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

**4.** Plaintiff may be able to bring a legal malpractice claim against the various court-appointed counsel. However, in the absence of federal jurisdiction, such a claim would have to be brought in state court.