

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-6-2006

# Tucker v. I'Jama

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1738

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Tucker v. I'Jama" (2006). *2006 Decisions.* Paper 1309.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1309

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-1738
_____

MATTHEW TUCKER,

Appellant

v.

COLLINS I'JAMA, Clerk of Court, Superior Court of New Jersey
_____

On Appeal From the United States District Court
For the District of New Jersey
(D. N.J. Civ. No. 04-cv-00277)
District Judge:  Honorable William H. Walls
_____

Submitted Under Third Circuit LAR 34.1(a)
October 4, 2005

BEFORE: ROTH, McKEE and ALDISERT, Circuit Judges.

(Filed: April 6, 2006)

_____

OPINION
_____

PER CURIAM

    Appellant Matthew Tucker, proceeding pro se, filed a complaint against the Clerk

of the New Jersey Superior Court in the United States District Court for the District of

New Jersey alleging that the Clerk failed to file several complaints he had submitted, and had not notified him of any deficiencies precluding their filing. Tucker, who is involuntarily committed at Greystone Hospital in Greystone, New Jersey, claims that he was deprived of his rights to due process and equal protection of the law, and denied access to the courts. He seeks ten million dollars in compensatory and punitive damages, and five million dollars for discrimination because his complaints were treated differently than those filed by an attorney.

The District Court granted Tucker's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, and dismissed the complaint under 28 U.S.C. § 1915(e)(2)(B)(iii) on the ground that the Clerk is absolutely immune from liability. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is plenary. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

Absolute immunity does not apply in every action against a judge or court personnel. Rather, "it [is] the nature of the function performed, not the identity of the actor who performed it, that informs[] [an] immunity analysis." Forrester v. White, 484 U.S. 219, 229 (1988). "When judicial immunity is extended to officials other than judges, it is because their judgments are 'functional[ly] comparab[le]' to those of judges – that is, because they, too, 'exercise a discretionary judgment' as a part of their function." Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 436 (1993) (citations omitted). Court reporters, for example, are not entitled to absolute immunity because they have no discretion in carrying out the duty of recording what transpires in court. Id. See also

2

Rodriguez v. Weprin, 116 F.3d 62, 66 (2d Cir. 1997) (stating a clerk may not be entitled to absolute immunity in all cases, and holding that the clerk was immune from liability for allegedly failing to properly manage the court calendar).

Under the New Jersey Rules of Court, the Clerk's duty to file papers presented for filing is non-discretionary. See N.J. Rule of Court 1:5-6(c) (stating that the "clerk shall file all papers presented for filing" and may notify the person filing if the papers do not conform to the rules, except that in specified situations, the clerk shall return the papers with notice of the deficiency). Applying Antoine, the District Court erred in dismissing Tucker's complaint based upon absolute immunity.[1]

Accordingly, we will vacate the order of the District Court and remand for further proceedings consistent with this opinion.

---

[1]The District Court relied upon Marcedes v. Barrett, 453 F.2d 391 (3d Cir. 1971), in which a prisoner alleged that the Clerk failed to provide him transcripts of his criminal proceedings. The Court held that the district court did not abuse its discretion in dismissing the complaint because the Clerk and other defendants, acting as judicial and quasi-judicial officials, were immune from suit. Id. at 392. Marcedes, however, was decided before Antoine, and the Court did not consider whether the Clerk employed the kind of judgment protected by judicial immunity.