

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-6-2006

# Tucker v. Doe

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2364

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Tucker v. Doe" (2006). *2006 Decisions.* Paper 1307.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1307

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 04-2364

———————————

MATTHEW TUCKER,

Appellant

v.

JOHN DOE; JANE DOE, Clerk of Court,
Superior Court of N. Jersey, Morristown, N. Jersey

_____

On Appeal From the United States District Court
For the District of New Jersey
(D. N.J. Civ. No. 03-cv-05704)
District Judge: Honorable William H. Walls

_____

Submitted Under Third Circuit LAR 34.1(a)
June 16, 2005

BEFORE: ROTH, McKEE and ALDISERT, CIRCUIT JUDGES

(Filed: April 6, 2006)

———————————

OPINION

———————————

PER CURIAM

    Appellant Matthew Tucker, proceeding pro se, filed a complaint against the Clerk

of the New Jersey Superior Court in the United States District Court for the District of New Jersey alleging that the Clerk failed to file four complaints he submitted for filing. He avers that he wrote the Clerk and inquired whether there were any problems with the complaints, but received no response. Tucker, who is involuntarily committed at Greystone Hospital in Greystone, New Jersey, claims that he was denied access to the courts, and seeks ten million dollars in compensatory and punitive damages, and five million dollars for discrimination because his complaints were treated differently than those filed by an attorney.

The District Court granted Tucker permission to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(e), and dismissed the complaint under 28 U.S.C. § 1915(e)(2)(B)(iii) on the ground that the Clerk is absolutely immune from liability because he performs a judicial or quasi-judicial function when he files or fails to file a complaint. The District Court denied Tucker's subsequent motion for relief from the judgment, and this appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is plenary. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

Absolute immunity does not apply in every action against a judge or court personnel. Rather, "it [is] the nature of the function performed, not the identity of the actor who performed it, that informs[] [an] immunity analysis." Forrester v. White, 484 U.S. 219, 229 (1988). "When judicial immunity is extended to officials other than judges, it is because their judgments are 'functional[ly] comparab[le]' to those of judges –

2

that is, because they, too, 'exercise a discretionary judgment' as a part of their function."

Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 436 (1993) (citations omitted).  Court

reporters, for example, are not entitled to absolute immunity because they have no

discretion in carrying out the duty of recording what transpires in court.  Id.  See also

Rodriguez v. Weprin, 116 F.3d 62, 66 (2d Cir. 1997) (stating a clerk may not be entitled

to absolute immunity in all cases, and holding that the clerk was immune from liability

for allegedly failing to properly manage the court calendar).

Under the New Jersey Rules of Court, the Clerk's duty to file papers presented for

filing is non-discretionary.  See N.J. Rule of Court 1:5-6(c) (stating that the "clerk shall

file all papers presented for filing" and may notify the person filing if the papers do not

conform to the rules, except that in specified situations, the clerk shall return the papers

with notice of the deficiency).  Applying Antoine, the District Court erred in dismissing

Tucker's complaint based upon absolute immunity.[1]

Accordingly, we will vacate the order of the District Court and remand for further

proceedings consistent with this opinion.

---

[1]The District Court relied upon Marcedes v. Barrett, 453 F.2d 391 (3d Cir. 1971), in which a prisoner alleged that the Clerk failed to provide him transcripts of his criminal proceedings.  The Court held that the district court did not abuse its discretion in dismissing the complaint because the Clerk and other defendants, acting as judicial and quasi-judicial officials, were immune from suit.  Id. at 392.  Marcedes, however, was decided before Antoine, and the Court did not consider whether the Clerk employed the kind of judgment protected by judicial immunity.

3