

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-22-2007

# Kwasnik v. Leblon

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5210

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Kwasnik v. Leblon" (2007). *2007 Decisions*. Paper 1078.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1078

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-5210
_____

MAREK A. KWASNIK, individually & on
behalf of his minor son Robert T. Kwasnik,

Appellant

v.

VINCENT LEBLON, Honorable, individual and as
Judge of Superior Court of New Jersey;
MEMBERS OF NEW JERSEY LEGISLATURE, all presently
active, individually, and as New Jersey Legislative
officials, and jointly: Senate Leadership;
*RICHARD J. CODEY, Democratic President;
SHIRLEY TURNER, Dem. Pres. Pro Tempore;
BERNARD KENNY, JR., Democractic Majority L.;
WAYNE R. BRYANT, Assistant Dem. Leaders;
SHARPIE JAMES, Assistant Dem. Leaders;
JOHN A. GIRGENTI, Democratic Whip;
JOHN H. ADLER, Democratic Confer. Leader;
BYRON BAER, Dem. Senate Lead. Ex-Officio;
JOHN O. BENNETT, Republican President;
JOSEPH A. PALAIA, Rep. Pres. Pro Tempore;
ANTHONY BUCCO, CO-Republican Majority L.;
ROBERT SINGER, Co-Republican Majority L.;
JOSEPH KYRILLOS, JR., Rep. Conference Lead.;
DIANE B. ALLEN, Deputy Rep. Conf. Leader;
JAMES CAFIERO, Republican Whip;
DONNA M. PHELPS, Secretary of the Senate;
MEMBERS OF NEW JERSEY LEGISLATURE, General
Assembly Leadership; JOSEPH J. ROBERTS, JR., Speaker;
BERNARD F. KENNY, JR., Majority Leader;
DONALD TUCKER, Speaker Pro Tempore;
LORETTA WEINBERG, Majority Conf. Leader;
HERBERT CONAWAY, Deputy Speaker;
JERRY GREEN, Deputy Speaker;

ANTHONY IMPREVEDUTO, Deputy Speaker;
NELLIE POU, Deputy Speaker;
ALFRED E. STEELE, Deputy Speaker;
NEIL M. COHEN, Deputy Majority Leader;
NILSA CRUZ-PEREZ, Assist. Majority Leader;
LINDA GREENSTEIN, Assist. Majority Leader;
JOHN WISNIEWSKI, Assist. Majority Leader;
PETER J. BARNES, Majority Whip;
ARLINE FRISCIA, Assistant Majority Whip;
ROBERT J. SMITH, Assistant Majority Whip;
WILFRED CARABALLO, Parliamentarian;
BONNIE WATSON COLEMAN, Appropriations Committee Chairman;
LOUIS D. GREENWALD, Budget Comm. Chair;
PAUL DIGAETANO, Republican Leader;
ALEX DECROCE, Republican Confer. Leader;
FRANCIS J. BLEE, Republican Whip;
CHRISTOPHER BATEMAN, Assist. Rep. Whips;
FRANCIS L. BODINE, Assistant Rep. Whips;
DAVID WOLFE, Assist. Republican Leader;
PETER J. BIONDI, Assist. Republican Leader;
CHRISTIE RIEBE, Clerk of Gen. Assembly and all remaining
of 120 members of New Jersey Legislature not named here
Individually and as New Jersey legislative officials,
jointly, and all previous members of New Jersey Legislature
individually from time of; BRADLEY J. FERENCZ, Honorable,
individually and as Judge of Superior Court of New Jersey;
LOIS KNEGO, individually and as Transcripts Department
employee of Middlesex County Superior Court of New Jersey;
DOROTHEA O'C WEFING, Honorable, Judges of Appellate Division
of Superior Court of New Jersey, individually and as Judges;
JAMES J. CIANCIA, Honorable; JAMES M. HAVEY, Honorable;
EDITH K. PAYNE, Honorable; LORRAINE C. PARKER, Honorable;
JEFFREY A. NEWMAN, individually and as Deputy Clerk of
Appellate Division of New Jersey Superior Court;
MEMBERS OF NEW JERSEY SUPREME COURT ADVISORY COMMITTEE ON
JUDICIAL CONDUCT, individually and as a State of New Jersey
judicial officials; *ALAN B. HANDLER, Honorable Chair;
DANIEL J. O'HERN, Honorable, Vice Chair;
EDWARD J. DAUBER, Esquire; THERESA M. KLUCK, Ms.;
ROBERT N. MCALLISTER, Esquire; M. KAREN THOMPSON, Esquire;
JOHN DOE 1,2: individually and as Superior Court of New Jersey
Middlesex County Recording Technician, and/or Manager, John Doe 3,
individually and as Superior Court of New Jersey, Middlesex County

transcripts Department employee, *John Doe 4,5, individually and as Superior Court of New Jersey Appellate Division Administrative Services judicial employee, or judge of Appellate Division of Superior Court

Marek A. Kwasnik,

Appellant

*(Caption amended Per Clerk's Order of 8/28/06)
_____

On Appeal From the United States District Court
For the District of New Jersey
(D. N.J. Civ. No. 03-cv-03881)
District Judge: Honorable Stanley R. Chesler
_____

Submitted Under Third Circuit LAR 34.1(a)
May 17, 2007

Before: FISHER, ALDISERT AND WEIS, CIRCUIT JUDGES

(Filed May 22, 2007)

_____

OPINION
_____

PER CURIAM.

     Appellant, Marek A. Kwasnik, appeals the order of the United States District

Court for the District of New Jersey dismissing his civil rights complaint for lack of

1

jurisdiction pursuant to the <u>Rooker-Feldman</u> Doctrine.[1]

Kwasnik has been a party to both state and federal court proceedings relating to his divorce. <u>See</u> "Certification," Appellant's Appdx. Vol. 3, p. 260-261. In 2001, after losing joint custody of his son, Robert, during divorce proceedings, Kwasnik initiated three actions in the United States District Court for the District of Maine against his ex-wife, the New Jersey Superior Court, and the District Court for the State of Maine. In these actions, he disputed the manner in which the state court proceedings were conducted, claiming gender discrimination in the application of N.J.S.A. § 9:2-4c and wrongful violation of his parental right to child custody. In 2002, Kwasnik appealed the final judgment of divorce, in which sole custody of his son was awarded to his ex-wife, and challenged the constitutionality of N.J.S.A. § 9:2-4c. The Superior Court affirmed in 2003; the New Jersey Supreme Court denied his Petition for Certification in 2004.

In August 2003, Kwasnik filed a <u>pro</u> <u>se</u> civil rights complaint, seeking damages and injunctive relief against the Judge who ruled against him in child custody proceedings in New Jersey Superior Court, several Judges and the Deputy Clerk of the New Jersey Superior Court Appellate Division, a Superior Court transcription department employee, the New Jersey Supreme Court Advisory Committee on Judicial Conduct ("Advisory

---

[1]  <u>See</u> <u>D.C. Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 416 (1923).

2

Committee"), and all of the members of the New Jersey Legislature.[2] Kwasnik's claims challenged Judge LeBlon's orders awarding sole custody of his son to the child's mother, denying the son's naturalization based on Kwasnik's status as a United States citizen, holding Kwasnik in contempt and incarcerating him for nonpayment of child support, and requiring him to pay attorneys fees. Kwasnik also contested the denial of his appeal by the Superior Court Appellate Division, which, he alleges, was based on the mis-transcription of the relevant Family Court proceedings by G & L Transcription Services, a private contractor to whom the transcription was outsourced, and the Deputy Clerk of the Superior Court's Appellate Division. He claimed that the Advisory Committee denied him due process in defaulting his first complaint against Judge LeBlon and in failing to consider his second complaint. Kwasnik also alleged that N.J.S.A. 9:2-4 is unconstitutional because it is applied in a manner that gives preferential treatment to women and, thus, violates his due process and equal protection rights guaranteed by the Fourteenth Amendment.

Kwasnik filed two motions to amend his Complaint, both of which were denied. Pursuant to an agreement reached between the parties, Kwasnik sought dismissal of certain named defendants, in exchange for which the remaining defendants agreed to accept service of process. Accordingly, on Kwasnik's request, the District Court dismissed Superior Court Judges Wefing and Payne, Advisory Committee defendants

---

[2] Kwasnik brought suit on his son's behalf as well as his own. He has appealed only on his own behalf.

3

Kluck, McAllister, and Thompson, and all of the New Jersey legislators except Codey, Sires, and Roberts.[3] The remaining defendants accepted service of process and moved to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), and (6). The defendants claimed that the District Court lacked jurisdiction to consider the matter pursuant to Rooker-Feldman and the domestic relations exception to federal jurisdiction. Further, they claimed that legislative immunity barred Kwasnik's claims against Codey, Sires, and Roberts, and that absolute judicial immunity or quasi-judicial immunity precluded his claims against Judge LeBlon and the named Superior Court judges, the Superior Court Appellate Division Deputy Clerk, Jeffrey Newman, and court employee, Lois Knego, and the members of the Advisory Committee on Judicial Conduct. The Defendants contended that suit against them in their official capacities was barred by the Eleventh Amendment, and, even if it was not barred, the Complaint failed to state a claim because the defendants in their official capacities were not "persons" for § 1983 purposes. The defendants also argued that Kwasnik lacked standing to sue on behalf of his son because he did not have legal custody and did not share parallel interests with his son. The District Court dismissed the Complaint for lack of jurisdiction under Rooker-Feldman, and later denied Kwasnik's motion for reconsideration. Kwasnik timely appealed.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary

---

[3] Initially, the District Court dismissed the Complaint as to these defendants with prejudice, but on reconsideration, changed the dismissal to one without prejudice.

4

review over the District Court's application of the <u>Rooker-Feldman</u> Doctrine. <u>See</u> <u>Turner</u> <u>v. Crawford Apartments, III, L.P.</u>, 449 F.3d 542, 547 (3d Cir. 2006). We review the District Court's denial of Kwasnik's motions to amend the complaint and motion for reconsideration for abuse of discretion. <u>See</u> <u>Rolo v. City Investing Co. Liquidating Trust</u>, 155 F.3d 644, 653 (3d Cir. 1998).

First, we address the District Court's denial of Kwasnik's first motion to amend the complaint, filed in 2004. Rule 15 of the Federal Rules of Civil Procedure allows a plaintiff to amend his complaint once, without leave of court, "at any time before a responsive pleading is served...." At the time Kwasnik filed the motion to amend his original complaint, no responsive pleadings had been filed. Under Rule 15, Kwasnik could have filed an amended complaint without the District Court's permission. Instead of allowing the amendment, however, the District Court denied Kwasnik's Rule 15 motion without prejudice because Kwasnik had not yet properly served the original Complaint on the defendants. Although we conclude that the District Court erred in denying Kwasnik's motion, a remand for consideration of the amended complaint is not necessary because the amended complaint substantially reiterates the claims in the original Complaint.[4] Assuming the truth of the allegations contained in the Complaint, as amended, we conclude that the Complaint, as amended, fails to state a claim upon which

---

[4] The Amended Complaint adds new defendants and includes additional requests for relief.

relief may be granted for the following reasons.[5]

We turn to the question whether the District Court properly applied the <u>Rooker-Feldman</u> doctrine.  The <u>Rooker-Feldman</u> doctrine deprives a District Court of jurisdiction in some circumstances.  <u>See</u> <u>Turner v. Crawford Apartments, III, L.P.</u>, 449 F.3d at 547. <u>In Exxon Mobil Corp. v. Saudi Basic Industries Corp.</u>, 544 U.S. 280, 284 (2005), the Supreme Court emphasized the narrow scope of the <u>Rooker-Feldman</u> doctrine, holding that the doctrine "is confined to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  The Supreme Court stated that "the doctrine has sometimes been construed to extend far beyond the contours of the <u>Rooker</u> and <u>Feldman</u> cases."  <u>Id</u>. at 283.

Particular requests for relief in the Amended Complaint appear to invite district court review of the state court judgments arising out of his divorce proceedings.  The Amended Complaint requests review of the constitutionality of N.J.S.A. § 9:2-4(c), an issue Kwasnik raised in his Superior Court appeal.  As important, the Amended

---

[5] We will refer to the complaint and amended complaint as the "Amended Complaint" from hereon in.  The Amended Complaint names the following original defendants:  Honorable Vincent LeBlon, Honorable Bradley Ferencz, Honorable James J. Ciancia, Honorable James M. Havey, Honorable Lorraine C. Parker, Honorable Alan B. Handler, Honorable Daniel J. O'Hern, Richard J. Codey, Albio Sires, Joseph J. Roberts, Jr., Jeffrey A. Newman, Lois Knego, Edward Dauber, Esq., and John Does 1 through 5. It also includes newly added defendants: the Justices of the New Jersey Supreme Court (Chief Justice Poritz and Justices Long, LaVecchia, Zazzali, Albin, Wallace, and Rivera-Soto), Kwasnik's ex-wife (Eaw Skwarczynska), and her attorney (Avivith Oppenheim, Esq.).

6

Complaint includes new requests for relief in the form of court orders directing the New Jersey Supreme Court to reconsider its denial of Kwasnik's Petition for Certification, to prohibit enforcement of N.J.S.A. § 9:2-4(c) in divorce proceedings, and to stay his family court proceedings in state court. As to these requests for relief and their accompanying allegations, the District Court lacks subject matter jurisdiction under Rooker-Feldman as clarified by Exxon Mobil. However, Kwasnik's claims against the New Jersey Legislature defendants Codey, Sire, and Roberts, Advisory Committee defendants Handler, O'Hern, and Dauber, Superior Court Deputy Clerk Newman, and court employee, Lois Knego, appear to fall outside Rooker-Feldman's narrow scope. Moreover, it is questionable whether other claims contained in the Amended Complaint deprived the District Court of subject matter jurisdiction under Rooker-Feldman. Thus, to the extent that Rooker-Feldman does not apply, we will affirm the District Court's dismissal on other grounds.

Senators Codey, Sires, and Roberts enjoy legislative immunity for action taken in connection with the enactment of N.J.S.A. § 9:1-4. Ryan v. Burlington County, New Jersey, 889 F.2d 1286, 1291 (3d Cir. 1989) (legislative immunity applies in cases where the act is both "substantively" legislative and "procedurally" legislative). By passing N.J.S.A. § 9:1-4, the legislature made policy decisions of general scope that were enacted by established legislative procedures. The Amended Complaint is devoid of any allegations indicating that Codey, Roberts, or Sires acted outside the scope of traditional legislative function in passing this law, and thus, Kwasnik failed to state claims against

7

these defendants.

Kwasnik's claims against Judge LeBlon, the Superior Court Judges, and the New Jersey Supreme Court Justices are barred by the doctrine of absolute judicial immunity.[6] A judicial officer in the performance of his or her duties has absolute immunity from suit. Mireles v. Waco, 502 U.S. 9, 12 (1991). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.' " Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (citation omitted).

Kwasnik has not set forth any facts that would show that the judicial defendants' actions were taken in clear absence of their jurisdiction. When Judge LeBlon declined to give custody of Kwasnik's son or visitation rights to Kwasnik, held Kwasnik in contempt for nonpayment of child support and incarcerated him, and ordered him to pay attorneys fees, the judge acted within his jurisdiction to preside over and decide divorce, custody and child support matters pursuant to N.J.S.A. § 9:2-4. The Justices of the New Jersey Superior Court and Supreme Court also acted within their respective jurisdictions in

---

[6] Kwasnik failed to state a civil rights conspiracy claim against the judicial defendants, in any event. Assuming the truth of the allegations and giving them the most liberal construction possible, the complaint simply fails to identify anything more than single rulings made by individual judges or panels of judges. The fact that the judicial defendants denied Kwasnik's requests for relief in his family court proceedings and appeal does not give rise to an inference of an understanding or agreement among them to deprive him of a constitutionally protected right.

8

denying Kwasnik's appeal and his Petition for Certification.

Kwasnik's allegations against the members of the Advisory Committee relate to the denial of his first judicial misconduct complaint against Judge LeBlon, and to the Advisory Committee's failure to rule on his second misconduct complaint against Judge LeBlon. The defendants argued in District Court that the Advisory Committee members enjoy quasi-judicial immunity. Absolute immunity does not apply in every action against a judge or court personnel. Rather, "it [is] the nature of the function performed, not the identity of the actor who performed it, that informs[] [an] immunity analysis." Forrester v. White, 484 U.S. 219, 229 (1988). "When judicial immunity is extended to officials other than judges, it is because their judgments are 'functional[ly] comparab[le]' to those of judges – that is, because they, too, 'exercise a discretionary judgment' as a part of their function." Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 436 (1993) (citations omitted).

In Kwasnik's case, the acts complained of are the kind of discretionary acts normally performed by a judge. The Advisory Committee members were well within their authority to consider Kwasnik's complaints against Judge LeBlon pursuant to New Jersey Supreme Court Rule 2:15-1 and N. J. S. A. § 2b:2a-10. Thus, the committee members enjoy quasi-judicial immunity from suit. To the extent that their actions are prosecutorial in nature, the Committee members are protected by prosecutorial immunity. See Imbler v. Pachtman, 424 U.S. 409 (1976).

As for the Deputy Clerk and the court employee, determining whether their actions

9

are judicial functions is a closer call.  Relying on <u>Marcedes v. Barrett</u>, 453 F.2d 391 (3d Cir. 1971), and <u>Scruggs v. Moellering</u>, 870 F.2d 376 (7th Cir. 1989), the defendants assert that both Newman and Knego are protected by quasi-judicial immunity.  <u>Marcedes</u>, however, was decided before <u>Antoine</u>, and we did not consider whether the Clerk employed the kind of discretionary judgment protected by judicial immunity.  <u>Scruggs</u> was abrogated by <u>Antoine</u>.  <u>See Antoine</u>, 508 U.S. 429, 432 n. 3.

Assuming in Kwasnik's favor that Newman and Knego do not enjoy quasi-judicial immunity, Kwasnik still fails to state a claim.  The Amended Complaint alleges that Knego outsourced the transcription of the contempt proceedings to G&L Transcription Services, who failed to make the corrections to the transcript that Kwasnik requested. Kwasnik alleges that Newman failed to correct certain alleged inaccuracies in the transcription of Judge LeBlon's contempt ruling after Kwasnik alerted him to them. Liberally construing the Amended Complaint, as we must, we conclude that the allegations, and reasonable inferences drawn therefrom, at best, merely state a negligence claim.  Negligence claims are not cognizable under § 1983.  <u>See</u> <u>Daniels v. Williams</u>, 474 U.S. 327 (1986).

Turning to his § 1985(3) claims, Kwasnik alleges a conspiracy to discriminate against him as a man and as an out-of-state resident.  To state a claim under § 1985(3), a plaintiff must allege: (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons of the equal protection of the laws; (3) an act in furtherance of the conspiracy;

10

and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States.  See Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971).  Because we conclude that Kwasnik fails to allege the conspiracy element of a § 1985(3) claim, we need not proceed further.  There are no facts in the Amended Complaint from which one could infer that any combination of named defendants had an understanding or an agreement to conspire against Kwasnik.

Kwasnik argues that the District Court should have allowed him to amend his complaint filed in 2005.  As the District Court correctly determined, such an amendment would have been futile because it would not survive a motion to dismiss for failure to state a claim upon which relief may be granted.  Upon careful review of Kwasnik's challenge to the constitutionality of 18 U.S.C. § 228 and other arguments on appeal, we conclude that they all lack merit.

Accordingly, we will affirm the judgment of the District Court.  All of Kwasnik's pending motions and petitions are denied.