**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2182
_____

ADOLPH FUNCHES, III; ERMA FUNCHES,
                                                        Appellants

v.

BUCKS COUNTY; BUCKS COUNTY OFFICE OF THE CLERK OF COURTS OR
CLERK OF COURTS OF BUCKS COUNTY; ROBERT J. MELLON, IN HIS
PERSONAL AND/OR INDIVIDUAL CAPACITY; FIRST DEPUTY ERIN K.
SCHIEBER; CLERICAL SUPERVISOR EILEEN HUDSON; DEPUTY SARA OTT;
DEPUTY JESSICA E. FROST; SECOND DEPUTY NATALIE LITCHKO
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-12-cv-02626)
District Judge:  Honorable Paul S. Diamond
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 1, 2014
Before:  JORDAN, COWEN and BARRY, Circuit Judges

(Opinion filed: October 8, 2014)
_____

OPINION
_____

PER CURIAM

Adolph and Erma Funches, proceeding pro se and in forma pauperis, appeal from the District Court's March 22, 2013 order dismissing their civil rights lawsuit. We will affirm the District Court's order.

I.

The Funches, who are African American members of The Original Apostolic Church of the Lord Jesus Christ, Inc., filed a civil rights complaint in the United States District Court for the Eastern District of Pennsylvania, asserting claims against Bucks County, Pennsylvania, Judge Robert J. Mellon, the Bucks County Office of the Clerk of Court, and employees of that office in relation to proceedings concerning the Funches' minor son. On October 18, 2012, the District Court dismissed with prejudice the claims against Judge Mellon on the basis that he was immune from suit. Then, on October 31, 2012, the District Court dismissed without prejudice the Funches' claims against the remaining defendants, but provided the Funches with an opportunity to file an amended complaint.

The Funches' amended complaint was largely the same as their original complaint. Their claims stem from their attempt, via state court intervention, to stop their son's tonsil and adenoid surgery. They asserted that they filed a pleading in Bucks County, which successfully delayed their son's surgery, but that on May 5, 2010, Judge Mellon "vacated his own March 29, 2010 court order," which effectively reordered the surgery. Soon thereafter, the Funches attempted to file several different motions and other documents

with the Bucks County Clerk of Court ("Clerk's office") to again stop the surgery. According to the Funches, the Clerk's office would not accept the pleadings for filing because of "racial, religious, and/or ethnic bias" against them, as the Clerk's office knew that if it accepted the filings, the surgery would again be stopped. The Funches' amended complaint asserted, among other things, that the refusal to file their papers constituted discrimination based on race and religion and a violation of their due process rights.

On March 22, 2013, the District Court granted the defendants' motion to dismiss, determining that the claims against Bucks County and the Clerk's office were improperly based on a theory of respondeat superior, as the Funches failed to allege the existence of any official policy or custom as is required to proceed on a 42 U.S.C. § 1983 claim against a municipality. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694-95 (1978). The District Court also determined that the claims against court personnel in their individual capacities must be dismissed because they were immune from suit due to their status as "quasi-judicial" officials. See Marcedes v. Barrett, 453 F.2d 391, 392 (3d Cir. 1971).

As an alternate basis for dismissal, the District Court determined that the Funches' claims failed as a matter of law. First, the District Court concluded that the Funches did not set forth a claim for discrimination under 42 U.S.C. § 1983, as the amended complaint did not include any facts "from which [the District Court] could infer racial, ethnic, or religious discrimination." The District Court also dismissed the procedural due

3

process claim because the Funches did not allege the denial or unavailability of adequate post-deprivation process. Finally, to the extent that the Funches alleged that they were denied access to the courts, the District Court determined that they should have sought relief in the state court system.

The Funches now appeal.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's decision granting a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See DiGiacomo v. Teamsters Pension Trust Fund, 420 F.3d 220, 222 n.4 (3d Cir. 2005). We will affirm the District Court's order.

First, we agree with the District Court that the Funches' claims against Bucks County and the Clerk's Office must be dismissed because they were improperly based on a theory of respondeat superior. As the District Court explained, bringing a claim under 42 U.S.C. § 1983 against the County and the Clerk's office in their official capacities requires that the disputed action be pursuant to an official custom or policy. See Monell, 436 U.S. at 694. The Funches, however, asserted that the defendants violated official policy by refusing to accept their documents for filing. Accordingly, their claim against the County and the Clerk's office in their official capacities cannot succeed.

4

Second, although we disagree with the District Court's analysis, we agree that the employees of the Clerk's office were immune from suit and that the claims against them should have been dismissed. The District Court determined that the court personnel were immune because, under Pennsylvania Rule of Civil Procedure 205.2, they had discretion to refuse to accept documents for filing that did not comply with the Rules of Civil Procedure. See Antoine v. Byers & Anderson, Inc., 508 U.S. 429 (1993) (holding that quasi-judicial immunity extends only to officials who perform discretionary functions). However, the proceedings involving the Funches' son were taking place in the Pennsylvania Juvenile Court, and were governed by the Pennsylvania Rules of Juvenile Court Procedure. Under Juvenile Court Rule 1121, the Clerk was required to accept all documents presented for filing. See Pa.R.J.C.P 1121(I). This is a ministerial, not a discretionary, function and therefore does not entitle the court personnel to quasi-judicial immunity under Antoine. Additionally, even had the Rules of Civil Procedure applied, the Pennsylvania Supreme Court has held that the duties of prothonotaries and clerks of court are ministerial. See Commonwealth v. Williams, --- A.3d ----, 2014 WL 3672870, at *4 (Pa. July 21, 2014) ("[T]he powers wielded by the clerk of courts, like those of the prothonotary, are purely ministerial in nature."). Accordingly, immunity of the court personnel cannot be based on the discretionary nature of their duties.

This does not, however, mean that the employees are not absolutely immune from suit in this circumstance. In the Funches' appellate briefs, they asserted that soon after

5

they presented their documents to the employees in the Clerk's office, Judge Mellon appeared behind the Clerk's desk and ordered that the documents not be filed. According to the Funches, the court personnel complied with the Judge's directive. While the Funches did not make this assertion in their amended complaint, we agree with appellees that, by including it in their appellate briefs, it constitutes a binding judicial admission. See Berckeley Inv. Grp., Ltd. v. Colkitt, 455 F.3d 195, 211 (3d Cir. 2006) ("Judicial admissions are concessions in pleadings or briefs that bind the party who makes them.").

Thus, according to the Funches, the court personnel followed the Judge's order not to file documents in a case over which he was presiding. The Funches claim that Judge Mellon was not eligible for judicial immunity because this order was given "absent all jurisdiction." The Funches are mistaken. Assuming that Judge Mellon did order the Clerk's office not to file the disputed documents, we have held that "a judge does not act in the clear absence of all jurisdiction when the judge enters an order at least colorably within the jurisdiction of h[is] court." Gallas v. Supreme Court of Pa., 211 F.3d 760, 771 (3d Cir. 2000). Judge Mellon was the presiding judge in the cause of action involving the Funches' son. The alleged order to reject the Funches' pleadings cannot be said to be in the "clear absence of all jurisdiction," even if the order was done out of "malice or corruption of motive." See id. at 772. Accordingly, Judge Mellon was eligible for

judicial immunity for this order.[1]  See id.  And because Judge Mellon was judicially immune from suit, the court personnel who carried out his facially valid order are entitled to quasi-judicial immunity.  See id. at 772-73; Kincaid v. Vail, 969 F.2d 594, 601-02 (7th Cir. 1992) (holding that the clerk who refused to accept filing of complaint at the direction of the judge was entitled to quasi-judicial immunity).  Thus, the claims against the court personnel were properly dismissed on the basis of their quasi-judicial immunity.

In sum, the Funches' cannot proceed on their amended complaint, and we will affirm the District Court's March 22, 2013 order.[2]

---

[1] Additionally, to the extent that the Funches challenge the District Court's October 18, 2012 dismissal with prejudice of the original claims against Judge Mellon, we affirm the District Court's decision to dismiss those claims under the doctrine of judicial immunity. The actions that Judge Mellon is claimed to have taken, including vacating one of his orders in the case over which he was presiding, were not taken in "the absence of all jurisdiction.  See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).

[2] The Funches assert that the District Court erred in denying their request for discovery on the Monell claim.  We disagree. The District Court properly disposed of this request.

7